UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               No. 21-CR-00592-DHU

DOMINIC GOODMONEY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Dominic Goodmoney's *Motion to Reconsider Denial of Defendant's Speedy Trial Motion (Doc. 32)*. *See* Doc. 33 ("Motion to Reconsider"). The Government responded in opposition, to which Defendant filed a reply. *See* Docs. 38 and 39. Having reviewed the parties' pleadings and the applicable law, this Court **DENIES** Defendant's Motion to Reconsider.

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citations omitted). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Grounds that warrant granting a motion to reconsider "include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.* The term manifest injustice "is commonly defined as [a] direct, obvious, and observable error in a trial court[.]" *Tri-State Truck Ins., Ltd. v. First Nat. Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (citation and

quotation marks omitted). "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'" *Id*. (quoting *Shirlington Limousine & Transp., Inc. v. United States,* 78 Fed. Cl. 27, 31 (2007)). "Clear error exists when a factual finding lacks any factual support in the record, or after reviewing the evidence, the record convinces [the reviewing court that the lower court] made a mistake." *United States v. Rico*, 3 F.4th 1236, 1238 (10th Cir.), *cert. denied*, 142 S. Ct. 302 (2021) (citing *United States v. Hooks*, 551 F.3d 1205, 1216 (10th Cir. 2009)).

Defendant contests the Court's prior findings on three of the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *See* Doc. 33 at 1. As grounds for his Motion to Reconsider, Mr. Goodmoney does not argue that there has been an "intervening change in the controlling law." Though Defendant does not explicitly address which specific basis for reconsideration he is moving under, his Motion to Reconsider appears to be based on the need for the Court to correct clear error or prevent manifest injustice, and he presents new evidence in the form of his own letter for the first time. *See* Doc. 33 at 9 and Doc. 33-3.

Regarding the first *Barker* factor, the reason for delay, Defendant states the Court has "improperly blame[d] Mr. Goodmoney for the delay that resulted from his two motions to continue filed after he filed the Motion to Dismiss." Doc. 33 at 1. As the Government notes, the Court did not blame Defendant for filing motions to continue in this matter. *See* Doc. 38 at 2. Instead, relying on *United States v. Batie*, 433 F.3d 1287, 1291 (10th Cir. 2006), where the Tenth Circuit held that "continuances and other motions filed by the defendant do not weigh against the government," this Court simply found that the Government was not responsible for the delay during the period when Defendant filed motions to continue. *See* Doc. 32 at 12. Moreover, the Court ultimately found that the reason for delay factor weighed "slightly against the Government." *Id.* Given all of this, the Court

does not find that Defendant has shown it committed clear error in its analysis of the first *Barker* factor or that reconsideration is required to prevent manifest injustice.

Turning to the second *Barker* factor, Defendant's assertion of his speedy trial right, Defendant argues that the Court erred in concluding that this factor weighed neutrally between the parties, relying on the same argument that the Court improperly held Defendant's motions to continue against him. *See* Doc. 33 at 4-5. In its analysis of this factor, while the Court noted Defendant filed motions to continue, the Court considered the other procedural facts of this case, *see* Doc. 32 at 13-14, and ultimately found that this factor weighed neutrally between the parties. The Court did not find that this factor weighed against Defendant. The Court does not find that Defendant has shown that the Court committed clear error in its analysis of this factor or that reconsideration is needed to prevent manifest injustice.

Finally, Defendant argues the Court erred in its decision regarding the fourth *Barker* factor, which is prejudice. Defendant first asks the Court to consider a new letter from Defendant regarding the anxiety he suffered while his federal case was pending. *See* Doc. 33 at 9. The Government is correct that "[a]suming he did, in fact, experience such anxiety, that fact was known to him at the time of his original motion, and he elected not to present that fact to the Court." Doc. 38 at 6. The Court agrees that a motion to reconsider is not "an opportunity to rehash arguments previously addressed or to advance new arguments that could have been raised in prior briefing." *United States v. McCluskey*, No. CR 10-2734 JCH, 2013 WL 12329751, at *1 (D.N.M. Aug. 5, 2013) (quoting *Servants of Paraclete*, 204 F.3d at 1012). Defendant has not shown that this letter was previously unavailable. The issue of Defendant's anxiety could have been raised earlier, so the Court will not address it here.

Defendant also disagrees with the Court's finding that the evidence was "mixed" with respect to the reason that Defendant remained in state custody for four additional months. *See* Doc. 33 at 7. As the United States argues in response, this was in essence a finding that Defendant did not carry his burden of proof on this factor, and the law is clear it is his burden. *See* Doc. 38 at 6-7. Defendant also

3

asks the Court to speculate about what may have occurred had he paid the $100 bond in the state domestic violence case he was held on.  Defendant has not presented new evidence that would allow the Court to make a different finding on this point; as the United States argues, the Court would be speculating if it were to make a finding about what may have happened if Defendant had paid that bond.  Finally, Defendant argues that the Court misunderstood the holdings of several Tenth Circuit cases.  *See* Doc. 33 at 7-8.  For all of the reasons articulated by the Government in its response, *see* Doc. 38 at 7-8, the Court finds that Defendant has not shown that the Court misapplied the legal framework governing the issues raised.  In summary, regarding Defendant's arguments in support of its request that the Court reconsider its prejudice analysis, Defendant has not shown that the Court must reconsider its analysis of the prejudice factor to correct clear error or prevent manifest injustice or for any other valid reason.  Therefore, the Court declines to do so.  The Court denies Defendant's Motion to Reconsider (Doc. 33).

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Reconsider Denial of Defendant's Speedy Trial Motion (Doc. 32)* (**Doc. 33**) is **DENIED.**

**IT IS SO ORDERED.**

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE